IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-375

EDWARD LEVY

    Plaintiff,

v.

ROBERT DANIEL SCHEID, SCHEID CLEVELAND, LLC and

CESARE MORGANTI

    Defendants

## ORIGINAL COMPLAINT AND JURY DEMAND

    COME NOW the Plaintiff, Edward Levy, and for his Original Complaint and Jury Demand against Robert Daniel Scheid, Scheid Cleveland, LLC, and Caesar Morganti (collectively "Defendants"), and in support thereof does hereby state and allege as follows:

### PRELIMINARY STATEMENTS

1. Plaintiff Edward Levy brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff any lawful wage and/or overtime compensation for hours worked in excess of forty hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. § 1103-1 ("COMPS").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the COMPS as described, *infra*.

4. Plaintiff also brings this action on his related state claims for quantum meruit, unjust enrichment, and fraud.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendant Scheid Cleveland, LLC does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Plaintiff's claims under the CWA, COMPS as well as for quantum meruit, unjust enrichment, and fraud form part of the same case or controversy and arise out of the same operative facts as the FLSA claims alleged in this complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's state wage and other claims pursuant to 28 U.S.C. § 1367(a).

9. The witnesses to the wage violations herein reside in this District.

10. The records and other documents related to the wages earned, payroll, and state claims are located in this District.

## PARTIES

11. Plaintiff, Edward Levy ("Levy") is an individual over the age of eighteen years who is a resident and citizen of the state of Colorado. Mr. Levy is a former employee of Defendant Scheid Cleveland, LLC as defined by 29 U.S.C. § 203e and Colorado state laws.

12. Defendant Scheid Cleveland, LLC ("Scheid Cleveland" or "the Firm") is a resident Colorado LLC with a principal office address of 501 South Cherry Street, Suite 1100, Denver, Colorado 80246.

13. Defendant Scheid Cleveland's registered agent for service of process is Ms. S. Jan Cleveland, at 501 South Cherry Street, Suite 1100, Denver, Colorado 80246.

14. Defendant Scheid Cleveland in the course of business, maintains an internet website at https://cololawyers.com/.

15. Defendant Mr. Robert Daniel Scheid (aka Dan Scheid; "Scheid") is an individual and resident of Colorado.

16. Defendant Mr. Cesare Morganti ("Morganti") is an individual and resident of the state of Colorado. Mr. Morganti engaged Scheid Cleveland for a bad faith insurance case in this District. (the "Morganti Case").

## BACKGROUND

17. This action arises from Defendant Scheid's fraudulent representations that he had insurance claim cases in his intake pipeline, that he was forming a property damage and insurance claim practice group with Plaintiff, and that he had already scheduled his retirement date. Defendant Scheid further represented that upon his retirement, the insurance claim practice group would belong to Plaintiff. Plaintiff relied upon Scheid's misrepresentations and, *inter alia*, was hired by Scheid Cleveland to work on the Morganti Case.

18. Defendant Scheid had no cases in his intake pipeline, Plaintiff has not been compensated anything at all for his work on the Morganti Case, Defendant Scheid did not retire when scheduled, nor did Defendant Scheid have a practice group to transfer to Plaintiff. Further, Defendant Schied obtained funds from Plaintiff for the expansion and promotion of the practice group which, instead, were put to Defendant Scheid's own use.

19. This action is brought to obtain unpaid wages, overtime, liquidated damages, the value of services provided, consequential damages, and the recovery of monies obtained through the fraud perpetrated by Defendant Scheid, punitive damages, reasonable attorneys' fees, cost for this litigation, pre- and post-judgement interest, and other remedies to which the Plaintiff is entitled.

## FACTUAL ALLEGATIONS EMPLOYMENT CLAIMS

20. Plaintiff repeats and realleges all of the preceding paragraphs of this Complaint as if fully set forth in this section.

21. Defendant Scheid Cleveland, LLC is a two lawyer firm.

22. During each of the three years preceding the filing of this Complaint, Defendant Scheid Cleveland employed two or more individuals, including a Louisiana domiciled and based contract or part-time paralegal, who engage in interstate commerce or business transactions and otherwise handle goods or receive services that have been moved in or produced for interstate commerce.

23. Upon information and belief, Defendant Scheid Cleveland's annual volume of business done is not less than $500,000 for each of the three years preceding the filing of this Complaint.

24. Defendant Scheid is an attorney with over 42 years of experience. Upon information and belief, he holds himself out to be the principal member of Defendant Scheid Cleveland.

25. Defendant Scheid takes an active role in operating Scheid Cleveland and in the management thereof.

26. Defendant Scheid, in his role of operating employer of Scheid Cleveland, had the power to hire and fire Plaintiff during the relevant period(s), closely supervised and directed Plaintiff's work and made decisions regarding Plaintiff's pay, or more appropriately, the complete lack thereof.

27. Defendant Scheid, at relevant times, exercised supervisory authority over Plaintiff in relation to the duties and work schedule that Plaintiff's job entailed.

28. Plaintiff was employed by Defendant Scheid Cleveland within the three years preceding the filing of this Original Complaint.

29. Specifically, Plaintiff was employed by Scheid Cleveland for the Morganti Case from February 24, 2022 through July 8, 2022 as a junior associate performing research as well as an administrative assistant doing office work including word processing, reviewing court dockets, preparing paper files, and incorporating Defendant Scheid's revisions to drafts of documents and pleadings.

30. Plaintiff, in the course of his employment, was engaged interstate commerce including communicating via email and telephone with his employer's paralegal in New Orleans, Louisiana, conducting legal research using national providers such as Westlaw based in Eagan, Minnesota, Hein Online in Getzville, New York, and the Jenkins Law Library based in Philadelphia, Pennsylvania. Plaintiff also telephoned out of state hired experts, a public adjuster, and a former colleague who practices in the insurance bad faith area.

31. Plaintiff was required to perform work and did perform work on the Morganti Case while outside the state of Colorado, specifically while in Boston and on Cape Cod, Massachusetts.

32. At all material times herein, Plaintiff was entitled to the rights, protection and benefits provided under the FLSA, the CWA and the COMPS.

33. Plaintiff worked in excess of 40 hours per week during relevant weeks in the employment period.

34. Plaintiff was required to work while out of town and on weekends.

35. Defendant Scheid Cleveland, LLC did not pay any wages at all during the employment period.

36. Defendant knew or should have known that Plaintiff worked over 40 hours during some weeks of the relevant employment period.

37. Plaintiff was not paid any overtime hours at all.

38. Plaintiff did not exercise discretion or independent judgment as to matters of significance. Defendant Scheid directed the research to be conducted and exercised complete control over the work product.

39. At all relevant times, Defendants Scheid Cleveland and Scheid have deprived Plaintiff of any compensation for the hours and overtime worked.

40. Defendants Scheid Cleveland and Scheid knew or showed reckless disregard for whether the failure to pay Plaintiff violated the FLSA.

**FACTUAL ALLEGATIONS QUANTUM MERUIT CLAIMS**

41. Beginning on February 24, 2022 and lasting through July 8, 2022, Plaintiff, in good faith, provided over 311 hours of work in the Morganti Case.

42. In the alternative, if not an employee, Plaintiff is entitled to compensation as a contract attorney whose payment is not dependent upon any payment by the client, Morganti. *See* Colorado Formal Ethics Opinion 143 (citing *In re Marriage of Ziemann*, 574 N.E.2d 767, 770 (Ill. App. 1991); ABA Comm. On Ethics and Prof. Resp., Formal Op. No. 88-356, "Temporary Lawyers," (1988)).

43. In the alternative, if the Morganti Case was a contingency matter, Defendant Morganti must have received notice of Plaintiff's work on his matter and his liability for fee splitting. *See* Colorado RPC 1.5(d)(2) (requiring client's written consent).

44. Starting on March 17, 2023, after a scheduling order and a dispositive ruling for summary judgment in the Morganti Case, Plaintiff Levy again provided services to Defendants Scheid Cleveland and Morganti. These services totaled 21.5 hours.

45. The services provided by the Plaintiff expanded Defendant Scheid Cleveland's firm capacity and permitted it to handle additional, more profitable, legal cases.

46. The services provided by Plaintiff enabled Defendant Morganti to pursue his claims against his insurance company.

47. Finally, the services provided by Plaintiff resulted in a settlement in which Defendant Morganti was not required to pay his insurance company's expenses of litigation, based upon information and belief, in an amount exceeding $50,000.

48. Plaintiff has made demand for compensation from Defendant Scheid and Scheid Cleveland arising from the Morganti Case.

## FACTUAL ALLEGATIONS FRAUD CLAIMS

49. In 2017, Plaintiff was employed by a property damage law and insurance disputes law firm as its firm administrator and as a litigator.

50. Plaintiff developed valuable relationships with referral sources including roofers, public adjusters, and contractors.

51. Upon leaving that firm in 2018, Plaintiff returned to solo practice with the hope to develop a property damage and insurance claim practice. One former client and a referral source of his previous firm indicated that they would continue to work with Plaintiff.

52. Between May 5, 2019 and June 10, 2019, Defendant Scheid engaged Plaintiff's law firm to work on a confidential settlement statement for a smaller church roof insurance case. Defendant Scheid compensated Plaintiff's law firm at a $225 per hour rate.

53. On June 4, 2019, through the former client of his previous firm, Plaintiff began representation in a separate church roof case with damages estimated at well over One Million Dollars ($1,000,000). (the "Second Church" case.) The Second Church case was a contingency fee matter.

54. After learning of the Second Church case, Defendant Scheid approached Plaintiff and represented that he had more insurance bad faith cases in his intake pipeline.

55. Defendant Scheid represented that he wanted to form a practice group with Plaintiff. Defendant Scheid represented that Plaintiff would be the leader of the practice group.

56. Defendant Scheid represented that he was already set and scheduled a date to retire from the practice of law. Defendant Scheid represented that the property damage insurance practice group and Scheid's remaining cases would be assumed by Plaintiff.

57. In reliance on the representation of Defendant Scheid, Plaintiff relocated his office to be adjacent to Defendant Scheid, leaving a larger office with a mountain view for a dramatically smaller and less prestigious one.

58. In reliance on the representation of Defendant Scheid, Plaintiff hired Defendant Scheid for the Second Church case. Defendant Scheid was paid $120 per hour for Defendant Scheid's services over 14 invoices during the two year long prosecution of the Second Church case.

59. Upon settlement of the Second Church case in October 2021, Defendant Schied was paid an additional lump sum of $20,000. This payment consisted of a relatively minor amount to compensate Defendant Scheid at his regular billing rate less amounts previously paid with the bulk of the payment sought by Defendant Schied under the pretense that it would be used for the development and promotion of the property damage insurance practice group.

60. Defendant Scheid did not use Plaintiff's funds to develop or promote the property damage insurance practice group at all.

61. Defendant Scheid did not have a pipeline of cases for the property damage insurance group.

62. Defendant Scheid brought only the single family home Morganti Case to the practice group.

63. Plaintiff never was the property damage insurance practice leader but was, instead, treated as a junior associate and administrative assistant.

64. Defendant Scheid did not retire as scheduled by the end of December 2023 and continues to practice law through the date of this Original Complaint.

### FACTUAL ALLEGATIONS UNJUST ENRICHMENT CLAIMS

65. Defendant Scheid received $20,000 from Plaintiff Levy without providing any value, consideration, or benefit.

66. As a result of the services provided by the Plaintiff, Scheid Cleveland avoided paying additional employees or contractors, increased its capacity and received compensation from other, more profitable, hourly matters.

67. As a result of Plaintiff's contribution, Defendant Morganti avoided liability for the defendant's cost of defense in the Morganti Case.

### FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA
### (DEFENDANTS SCHEID CLEVELAND AND SCHEID)

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. 29 U.S.C. § 206 requires employers to pay a minimum wage.

70. Defendants Scheid and Scheid Cleveland failed to pay any wages at all to Plaintiff.

71. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72. Defendants Scheid Cleveland and Scheid failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 hours per week, despite Plaintiff's entitlement thereto.

73. Defendants conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## SECOND CAUSE OF ACTION—VIOLATIONS OF THE CWA AND COMPS
## (DEFENDANTS SCHEID CLEVELAND AND SCHEID)

77. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Defendants were Plaintiff's employer as that term is defined by the COMPS Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over Plaintiff, who performed the primary work of the employer. 7 CCR 1103-1 ¶ 4.1.1(A).

79. Plaintiff was an employee of Defendant Scheid Cleveland.

80. Defendants violated the CWA and COMPS Order by failing to pay Plaintiff the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

81. Plaintiff worked more than forty hours per workweek during the relevant employment periods.

82. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours he worked in excess of 40 per workweek.

83. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

84. Because Defendant willfully violated the CWA and COMPS, a three-year statute of limitations shall apply to such violations.

85. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of regular wages and overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

### THIRD CAUSE OF ACTION QUANTUM MERUIT
### (ALL DEFENDANTS)

86. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth in this section.

87. Plaintiffs rendered services in good faith which benefited Defendants specifically 311 hours of work in 2022 and 21.5 hours of work in 2023.

88. Defendants accepted Plaintiff's services.

89. Plaintiff reasonably expected to be compensated for the services he rendered to the Defendants.

90. Equity demands that Plaintiff be compensated for the reasonable value of the services rendered to Defendants.

## THIRD CAUSE OF ACTION FRAUD

91. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth in this section.

92. Defendant Scheid made false representations of past or present fact, specifically:
    a. he had an intake pipeline of property damage insurance case;
    b. Plaintiff would be the leader of his property damage insurance claim practice group;
    c. he was scheduled and set to retire from the practice of law by December 31, 2023;
    d. Plaintiff would retain the practice group upon his retirement; and
    e. he would use Plaintiff's $20,000 payment to develop and promote the practice group.

93. The facts misrepresented by Defendant Scheid in paragraph 91 were material.

94. Defendant Scheid knew his representation were false.

95. Defendant Scheid made the representations with the intent that Plaintiff Levy rely upon them.

96. Plaintiff Levy did rely on the fraudulent representations.

97. Plaintiff Levy's reliance on the fraudulent representation was justified.

98. Plaintiff's reliance on the fraudulent representations resulted in damage to the Plaintiff including lost wages for the Morganti Case, $20,000 in cash, consequential damages, and non-economic damages including mental suffering caused by the circumstances including ridicule by others arising from Defendant Scheid's treatment of Plaintiff.

99. Plaintiff seeks actual damages, consequential damages, and non-economic damages to be proven at trial. Additionally, Plaintiff intends to seek punitive damages for Defendant Scheid's malicious intent if proven at trial.

### FOURTH CAUSE OF ACTION UNJUST ENRICHMENT
### (ALL DEFENDANTS)

100. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth in this section.

101. As a result of the services provided by the Plaintiff, Defendants have benefited from the reasonable value of those services.

102. Defendant Scheid was unjustly enriched by $20,000 received from Plaintiff Levy without providing any value, consideration, or benefit.

103. Defendant Scheid Cleveland avoided paying additional employees or contractors, increased its capacity and received compensation from other, more profitable, hourly matters as a result of Plaintiff's contributions.

104. Defendant Morganti avoided liability for the defendant's cost of defense in the Morganti Case.

105. It would be unjust for Defendants to retain the benefits they received without commensurate compensation to Plaintiff.

106.     Equity demands that Plaintiff be compensated for the reasonable value of the services he rendered to Defendants.

## JURY DEMAND

107.     Plaintiff demand jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Edward Levy respectfully prays that Defendants be summoned to appear and to answer herein as follows:

   A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies owed to him;

   B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.;

   C. Judgment for damages for all unpaid wages and overtime compensation under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.;

   D. Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

   E. Judgment for damages for all unpaid wages, overtime compensation, and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and

      Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. § 1103-1, Colo. Rev. Stat. § 8-4-109;

F. Judgment for damages, including punitive damages, pre-judgment interest, and all reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted this 7th day of February, 2024.

                            ATLAS LAW FIRM, P.C.


                          /s/ Edward Levy

                          Edward Levy, #36090
                          One Cherry Center, Suite 1100
                          501 South Cherry Street
                          Denver, Colorado 80246
                          elevy@atlaslawpc.com